```
                    UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                          EASTERN DIVISION
                         NO. 4:08-CR-62-F (1)
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NOTICE OF GOVERNMENT'S INTENT |
| | ) | TO PRESENT EVIDENCE PURSUANT |
| v. | ) | TO FED. R. EVID. 404(b) |
| | ) | <u>and</u> |
| GARLAND ELLISON | ) | TRIAL BRIEF |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby discloses to the defendant herein and to the Court, the substance of evidence the Government may offer pursuant to Rule 404(b), Federal Rules of Evidence. The defendant Garland Ellison, age 52, is charged with knowingly mailing a threatening communication to the U.S. Secretary of State Condoleezza Rice, in violation of Title 18 U.S.C. §876©.

<u>EVIDENCE TO BE PRESENTED AT TRIAL</u>

The substance of the anticipated evidence the Government will present at trial is as follows:

In July 2007, the United States Department of State (DS), Diplomatic Security Service (DSS), intercepted four (4) letters with a return address of Garland Ellison, 1250 Old Brick Road, Vanceboro, North Carolina, 28586, mailed to United States Secretary of State Condoleezza Rice. The letters sent to the US Secretary of State were sexually explicit.

The first three letters initially intercepted by DSS Agents were post marked June 26, 2008, July 15, 2008, and July 19, 2008

with a Kinston, North Carolina postmark. The return address provided on the letters was Garland Ellison, 1250 Old Brick Road, Vanceboro, North Carolina, 28586.

Investigators determined that Ellison was on state probation[1], and no longer lived in Vanceboro. On August 7, 2008, Ellison's State Probation officer Jeff Hayes, with the New Bern Police, and U.S. State Department Special Agent Tony Bell (hereafter "Bell") present, conducted a warrantless search of Ellison's room at a boarding house at 719 Broad Street, Room number seven, New Bern, North Carolina, 28560. Hayes read Ellison his rights and asked Ellison for consent to search his residence. Ellison agreed to the search. While conducting the search, Probation Officers identified what appeared to be hundreds of hand written letters and papers addressed to then Senator Barrack Obama, Senator John McCain, Senator Hillary Clinton, and other political figures, and signed by Ellison. In addition, there were multiple photocopies of letters that he wrote to Senator Obama. There also appeared to be photocopies from something called the Celebrity Black Book which listed a brief bio of the individual and contact information. There were photocopies of the pages that included, Senator McCain, Senator Obama, Colin Powell, Senator Lieberman, Laura Bush, Vice

---

[1] On December 9, 2004, Ellison was convicted of Felony Possession of a Firearm by a convicted felon in Pamlico County, and sentenced to 16-20 months custody, suspended, 60 months probation. He also pled guilty to Discharging a Weapon into occupied property, and was sentenced to 34 to 50 months custody. He was paroled on 7/21/07. On 3/18/02, he pled guilty to Burning a Church/religious building in Craven County, and was sentenced to 29 to 44 months custody, suspended, 36 months probation.

President Cheney, and former Vice President Dan Quayle.  Agent Bell saw current mail and return address labels in this room with the address of 1250 Old Brick Road, Vanceboro, North Carolina.

Bell and the probation officers attempted to review the material for any threatening language, but it appeared to be political views.  Bell was shown these documents and the handwriting appeared to match the handwriting on the letters sent to the US Secretary of State.  Bell reviewed three photocopies of hand written letters sent to Senator Obama that appeared to match the letters to the U.S. Secretary of State and asked Ellison if he had mailed those three letters to Senator Obama.  Ellison stated that he had mailed at least three letters but he didn't know how many.  Probation Officer Hayes requested Ellison to allow him to review the documents at his office and Ellison stated that he would not give him the documents and that he needed a warrant signed by a Judge.

Following the search, Officer Hayes questioned Ellison on the letters to the various political officials. Ellison stated they were just his views, etc.  Hayes told Ellison about the letters to the Secretary Of State and that was why Agent Bell was present. Bell asked Ellison if he had sent letters to the U.S. Secretary of State, and Ellison agreed that he had done so.  Bell explained to Ellison that the Secretary does not receive that type of offensive mail and that his letters were inappropriate and that he should not be sending her any letters to her in the future.   Ellison

apologized and stated that he would not send any more letters to the Secretary Of State. Bell asked Ellison about the three letters that he sent to Senator Obama. Ellison stated that he had photocopies of letters that he sent to Senator Obama and that he sent a minimum of three letters to him. The photocopies of the letters to Senator Obama were identical in handwriting and post cards that were sent to the U.S. Secretary Of State. Hayes requested Ellison to provide him with the documents that he had written so that we could photocopy them and review them later. Ellison denied consent.

Hayes obtained consent from Ellison to search the 1250 Old Brick Road, Vanceboro, North Carolina residence which was approximately 30 miles North of New Bern. Ellison accompanied Hayes and the officers to the trailer at that address. The trailer had no power and did not appear to have anyone living there. However, there was a lot of mail tossed around the trailer. Located on the kitchen table was a letter, approximately a ten pages in length, addressed to Senator Clinton that appeared to have been hand written, but not mailed. Probation Officer Hayes requested that Ellison allow him to get a copy of the letter and Ellison refused. Officer Hayes and the New Bern Police Task Force Officer Wilcut located a shotgun and 30-30 ammunition inside the trailer.

On August 11, 2008, DSS Agents intercepted a fourth letter mailed by Ellison on July 25, 2008 to the US Secretary of State.

On a card postmarked July 25, 2008, and addressed to the U.S. Secretary of State Condoleezza Rice, the following was written:

> "You should be aware that, this, it I Goddamnit hate not being in control of my pussy.  Just like your pussy on my dick, covering all of my dick just like you wanting the burst of the fullness of my nuts.  To make you all so fertile as I look into the black, brown and white of your eyes.  And word to your face.  I will kill you if/when it, that, this pussy are/is not all mine. Any each and every bit.  And I mean what I have worded.  And I worded what I mean."
>
> Penetrate: United States adversaries, axis of evil(s), evildoer(s), enemies, foes, hostile opposers and/or unfriendly  opponents against the United States of America. By uncovering   a n d bringing into the light the poorest sort of their people   of their land and the poverty stricken stayed of living   condition(s), circumstance(s), being(s), correspondence(s), e x i s t e n c e ( s ) , situation(s) and state(s) of their land(s) expose to an enlightenment(s).
>
> And (a, all, any, each and/or every) country, government, nation and/or society the United States had or have an embargo   o r   s a n c t i o n   a g a i n s t . Please. Amen.
>
> I love the, thee good of your heart.  And heart of heart, love I. Amen, Amen"

On Wednesday, August 20, 2008, Agent Bell and U.S. Secret Service Agent Paul Rodriguez approached Ellison in front of the boarding house at 719 Broad Street, New Bern, North Carolina. Agent Rodriguez attempted to explain to Ellison why they were there and that they wanted to talk to him further. Ellison agreed to go to the probation office located at 509 Broad Street for the interview. However, Ellison stated that he would not provide the letters or the other writings without a court order and Ellison

became extremely agitated and almost hostile regarding this subject.

Agents initiated the interview with Ellison that proceeded to last almost four hours. Ellison stated to Bell that he has been sending letters to the U.S. Secretary of State as early as 2005. Ellison stated that he believed that he sent at least five separate letters/post cards to the Secretary of State from 2005-2007. Ellison was unclear how many letters he had sent to the Secretary. of State because he was writing Oprah at the same time, and he stated that his writings to Oprah were really "raw.".

Ellison stated that he began sending the letters to the Secretary Of State because it was unclear as to whether she was single or not. Ellison stated that his first few letters that he sent were mostly scripture based (Genesis, Numbers, Proverbs) and were written to provide support to her and to get her attention. Ellison believed that he could write to the Secretary Of State and lay a foundation that might lead to a relationship between the two. Ellison stated that after about three or four letters he hadn't gotten a response from the Secretary Of State so he decided to incorporate the sexual content and get "raw" as a means to get her attention. Ellison believed that the Secretary Of State may have lived a sheltered life and that the "raw" language might get her attention.

Ellison stated that he has written the President of the United States since President Reagan. Ellison stated that when Secretary

Of State Rice was the National Security Advisor for President Bush, she attracted his attention because she was a black female in a position of influence and since he had been writing the President for so long he felt a connection to her.

Ellison stated that he obtained most of his information on the Secretary Of State from watching television and reading newspapers. Ellison stated that he did not know how to use a computer or the internet. Bell showed the June 25th letter to Ellison and told him that this was the first letter that the U.S. Department of State had intercepted. Ellison reviewed the letter and stated that this letter was at least the third or fourth letter that he sent this year. Ellison stated that an incident between Russia and the United States was what brought the Secretary Of State back to his attention and interest. Ellison stated that these letters where actually a metaphor about Russia and the relationship with the United States. Ellison provided the following explanation for the four letters that DS has received:

(1)  June 25, 2008 letter - Ellison stated that this must have been the second or third letter because the first letter that he sent this year started with the word "BITCH." Ellison stated that was sent after one of the Secretary Of State trips in which her entourage was not allowed access in a meeting or area (he couldn't remember). However, the entourage was eventually allowed access, but the letter goes on as to explain what should have happened in response.

(2) <u>July 15, 2008 letter</u> - Ellison stated that this must have been the third or fourth letter. Ellison stated that this letter was a metaphor with Russia and the missile defense system.

(3) <u>July 17, 2008 letter</u> - Ellison stated that since the Secretary Of State has not responded to his correspondence "she is his." Ellison explained that he was writing the Secretary Of State to tell her that she needed to exploit the Axis of Evil countries and show their atrocities to their own people so that the Democratic Party could not use this against the Republican Party in the coming election.

(4) <u>July 25, 2008 letter</u> - Ellison stated that he wrote this letter to show her that he was protecting her and that her "Pussy" was his and that he was going to protect her. Ellison admitted to writing this letter and that he wrote "I'll kill you" because he knew that she would never be his but that the pretend Secretary Of State was his and that he would kill her, not the real Secretary Of State. Ellison stated that he didn't mean the real Secretary Of State. Ellison stated that "Penetrate" was a metaphor for what the United States needed to do against the Axis of Evil to show no confidence in the Democratic Party.

Ellison admitted to writing all four letters and described mailing these letters. Ellison stated that on at least one occasion he mailed the letter from the Vanceboro Post Office and from the New Bern Post Office. On one occasion he drove to four different

post offices looking for a stamp machine that was working to mail the letter.

Ellison admitted that if he wasn't on probation then he would have likely attempted to make contact with the Secretary Of State in Washington, D.C. However, he is on probation so he couldn't go. Also, now that a Department of State Agent had shown up he realized that it wouldn't be a good idea in the future.

Agent Rodriguez asked Ellison if he had written any other threatening communications. Ellison thought for a few minutes and stated that he had recently wrote the current U.S. President and stated that assassination was off the table since Saddam Hussein was executed. Ellison later explained that the during the first four years of President Bush's presidency he wouldn't have cared if President Bush was executed since he didn't think it was an election it was a selection. However, now that President Bush had Saddam Hussein executed, then assassination was off the table and if anyone did assassinate him then they would have to answer to him.

Agent Rodriguez later asked Ellison why he disliked Senator Obama so much and Ellison stated that he was inexperienced and lacked judgment. Agent Rodriguez asked if their was ever a scenario in which Ellison would think that it would be okay to assassinate the United States President. Ellison stated that yes, there are extreme conditions, such as if the United States President acted like Bin Laden, Saddam Hussein, 911, etc., and if he was not impeached or failed to resign then assassination would be

acceptable. Ellison stated that if no one else assassinated the U.S. President under those conditions then he guessed that he might have to figure out a way to do it himself.

Following the interview, Bell and Rodriguez were speaking with Probation Officer Hayes when Ellison returned with the three photocopies of the letters that he had written to Senator Obama. Ellison allowed Bell and Rodriguez to review the three letters but would not allow a photocopy of them or a review of the other writings.

On August 25, 2008, Bell was contacted by Officer Hayes regarding the outcome of Ellison's court appearance. Hayes stated that Ellison represented himself in the court appearance and admitted in Superior Court to mailing the letters to the Secretary of State and the threatening communication. His statement to the court was transcribed by a court reporter.

ARGUMENT

Pursuant to Fed. R. Evid. 404(b), evidence of other crimes, wrongs or acts may be admissible as proof of other motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but only if (1) relevant to an issue other than character; (2) necessary; and (3) reliable. *See generally* United States v. Uzenski, 434 F.3d 690, 710-11 (4th Cir. 20060.

The Government believes and contends that the evidence of the first three letters mailed by Ellison to Secretary of State Rice, and the fact that he was on probation, are inextricably intertwined

with the charged offense, but if the Court finds it is not, then the evidence would be admissible under 404(b) for the following reasons: they are evidence of defendant's motive, intent, preparation, plan, knowledge, and identity.

Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime are inextricably intertwined, when both acts are part of a single criminal episode, or when the other acts were necessary preliminaries to the crime charged. United States v. Williams, 900 F.2d 823, 825 (5th Cir. 1990); United States v. Stovall, 825 F.2d 817 (5th Cir. 1987); United States v. Roylance, 690 F.2d 164 (10th Cir. 1982); United States v. Lenfesty, 923 F.2d 1293, 1298 (8th Cir. 1991), cert. denied, 499 U.S. 968 (1991). Also, evidence is intrinsic when exclusion would leave a "chronological or conceptual void in the story of the crime..." United States v. Ojomo, 332 F.3d 485, 488-89 (7th Cir. 2003), and when the acts complete the story of the crime on trial. United States v. Senffner, 280 F.3d 755, 764 (7th Cir. 2002), cert. denied, 536 U.S. 934 (2002); or evidence that explains the circumstances of the case. United states v. Holt, 460 F.3d 934 (7th Cir. 2006).

The Eleventh Circuit, in United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007) defined uncharged conduct that is not subject to Rule 404(b) as follows:

> [E]vidence of criminal activity other than the charged offense is not "extrinsic" under Rule 404(b), and thus falls outside the scope of the Rule, when it is '(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3)

> <u>inextricably intertwined with the evidence regarding the charged offense</u>.'... 'Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive[,] and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury... (emphasis added)

The Government contends that the three (3) prior mailings by Ellison are not extrinsic under Rule 404(b) and therefore fall outside the scope of the Rule, because the letters were a part of a series of letters mailed by the defendant, and according to the defendant's statement, led up to his motivation to become "raw" in the fourth letter. In addition, his admission that he would have actually contacted the Secretary Of State, if not on probation, sheds further light on his actual intention and motivation in this case, and is helpful to the trier of fact.

However, if the Court were to find that the three prior letters and/or his probationary status are extrinsic, they would be admissible under Rule 404(b), as evidence of motive, intent, preparation, plan, knowledge and identity. The foundation for admissibility is governed by <u>Huddleston v. United States</u>, 485 U.S. 681 (1988). The evidence should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act. There are four protections in the rules on this issue: (1) a proper purpose under Rule 404(b); (2) relevance under Rule 402; (3) Rule 403 balancing; and (4) a limiting instruction under Rule 105. <u>United States v. Record</u>, 873

F.2d 1363, 1374-76 (10th Cir. 1989). In United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997), cert. denied, 523 U.S. 1101 (1998), the Court restated a combined test for admissibility under Rule 404(b) and 403:

> [W]e hold that evidence of prior acts becomes admissible under Rules 404(b) and Rule 403 if it meets the following criteria: (1) The evidence must be relevant to an issue, such as an element of the offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And, (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact finding process.

The Government respectfully asks the Court to rule on this issue prior to the start of the trial.

Respectfully submitted this 30th day of April, 2009.

GEORGE E. B. HOLDING
United States Attorney

/S/ Eric Evenson
ERIC EVENSON
Assistant United States Attorney
Criminal Division
310 New Bern Avenue, Suite 800
Raleigh, North Carolina 27601
Telephone: (919) 856-4530
Fax: (919)856-4828
eric.evenson@usdoj.gov
State Bar No. 9581

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon:

>   Geoffrey W. Hosford
>   Attorney at Law
>   Post Office Box 1653
>   Wilmington, NC 28402
>   (910) 251-8333

by electronically filling the foregoing with the Clerk of Court this 30th day of April, 2009, using the CM/ECF system which will send notification of such filing to the above.

>   /s/ Eric Evenson
>   ERIC EVENSON
>   Assistant United States Attorney
>   Criminal Division
>   310 New Bern Avenue, Suite 800
>   Raleigh, North Carolina 27601
>   Telephone: (919) 856-4530
>   Fax: (919)856-4828
>   eric.evenson@usdoj.gov
>   State Bar No. 9581