```
                    UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                          EASTERN DIVISION

                       NO. 4:08-CR-62- F(1)
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | <u>GOVERNMENT'S</u> |
| V. | ) | <u>MEMORANDUM OF LAW</u> |
| | ) | |
| GARLAND ELLISON | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby offers this Honorable Court a Memorandum of Law to assist in its rulings concerning anticipated efforts by the defense to develop evidence of the defendant's alleged mental disorder (as it relates to his violation of 18 U.S.C. § 876(c), by using the United States Mail to communicate a threat to injure another person.)

**FACTUAL BACKGROUND**

On July 25, 2008, the defendant was charged with knowingly depositing in the U.S. Mail, a written communication addressed to Secretary of State Condoleeza Rice, an officer of United States, containing a threat to injure her, in violation of 18 U.S.C. §876(c).

According to 18 U.S.C. § 876(c):

> Whoever . . . knowingly causes to be delivered by the Postal Service according to the direction thereon, any communication, with or without a name or designating mark subscribed thereto . . . addressed to any other person, and containing any threat . . . to injure the person of the addressee or of another . . . [shall be guilty of an offense against the

> United States]. If such communication is addressed to an official covered by section 1114, the individual shall be ...imprisoned not more than 10 years...

Title 18 U.S.C. § 1114 provides for the protection of

> "any officer or employee of the United States or of any agency in any branch of the United States Government...while such officer or employee is engaged in or on account of the performance of their duties..."

The government and the defendant have stipulated that the Secretary of State of the United States is covered by section 1114.

The defendant was ordered to be examined by Dr. Ron Nieberding of Chicago, Illinois, who provided his forensic report to the Court. Although the report rendered the opinion that the Defendant currently suffers from a mental disease, it nevertheless found the defendant was competent to proceed to criminal adjudication. Dr. Nieberding concluded that "Mr. Ellison appeared to possess a factual and rational understanding of this [sic] current legal circumstances. He also appeared to possess the capacity to assist counsel at the present time." The defendant was found competent to proceed by United States Magistrate Judge William Webb, on May 5, 2009.

The Government has previously filed a trial brief in this case.

2

**LEGAL ANALYSIS**

## I.  Elements of 18 U.S.C. § 876(c).

In order to establish that the defendant has violated §876(c), the Government must prove the following three elements: (i) that the defendant specifically intended the letter to be delivered through the U.S. mail; (ii) that the defendant had the general intent to threaten the recipient of the letter; and (iii) that the letter contains statements that a reasonable person would interpret as a threat to injury.

In considering the Government's burden of proof, it is to be noted that "[t]he only proof of specific intent required to support a conviction under 18 U.S.C. § 876 is that the defendant knowingly deposits a threatening letter in the mails, not that he intended or was able to carry out the threat." United States v. Chatman, 584 F.2d 1358, 1361 (4th Cir. 1978);  The proper focus is "on the act of mailing, not on the act of threatening." United States v. Darby, 37 F.3d 1059, 1065 (4th Cir. 1994).  The government is required to prove only a general intent to threaten under § 876,  See United States v. Maxton, 940 F.2d 103, 106 (4th Cir. 1991), which means that the communication must "encompass a 'true threat'" id.; see Darby, 37 F.3d at 1065.  A "true threat" is determined not by the defendant's subjective mindset, but by the objective standard of whether a "reasonable recipient who is familiar with the context of

3

the letter would interpret it as a threat of injury." <u>Maxton</u>, 940 F.2d at 106. Thus, while the defendant must have specific intent to mail the letter, the defendant need only have ". . . general intent to threaten the recipient at the time of the mailing." <u>United States v. Maxton</u>, 940 F.2d 103, 106 (4th Cir. 1991), <u>cert</u>. <u>denied</u> 502 U.S. 949 (1991).

## II. **Evidence of the defendant's mental condition cannot be used to challenge a "general intent" requirement**.

The defendant has neither provided notice[1] of nor otherwise asserted an insanity defense in this case. The Insanity Defense Reform Act (IDRA) redefined the federal insanity defense and drastically limited the use of evidence of mental abnormality as a defense to criminal conduct. <u>See</u> <u>United States v. Pohlot</u>, 827 F.2d 889, 895-96 (3d Cir. 1987), <u>cert</u>. <u>denied</u> 484 U.S. 1011 (1988). The IDRA was codified as 18 U.S.C. § 17:

> (a) *Affirmative defense.*-It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.
>
> (b) *Burden of proof.*-The defendant has the burden of proving the defense of insanity by clear and convincing evidence.

---

[1] Fed. R. Crim. P. 12.2(b) provides in pertinent part that "If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on ... (1) the issue of guilt ...the defendant must—within the time period provided for filing a pretrial motion or at any later time the court sets—notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk..."

4

Section 17 allows a defendant to avoid criminal liability, regardless of intent, if the defendant, "as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts."  The last sentence of §17(a) states that, apart from insanity, "[m]ental disease or defect does not otherwise constitute a defense."

The defendant, while not asserting an insanity defense, may attempt to offer expert or other evidence of his mental condition to negate proof that he mailed letters with the general intent to threaten his victim.  In order to introduce such evidence, the defendant must clear two hurdles.  First, the defendant must address whether the Insanity Defense Reform Act of 1984 (IDRA) precludes the introduction of mental abnormality evidence for any purpose other than in support of an insanity defense. Second, even if such evidence is not precluded by IDRA, the defendant must demonstrate that the evidence is relevant to a specific intent element.  Although the clear and unambiguous language of the statute prevents a defendant from raising a defense, other than insanity, based on mental abnormality, courts have been called upon to address whether evidence of mental abnormality can be used to negate an element of the offense.

5

The 4th circuit dealt with this issue posed by a defendant's attempt to offer psychiatric evidence without mounting an insanity defense at some length in United States v. Worrell, 313 F.3rd 867 (4th Cir. 2002). The factual setting was a trial in the EDNC focusing on two counts of mailing threatening communications. The district court's excluded the Doctor's testimony that Worrell was not taking his medication at the time he mailed the threatening letters, and was therefore not able to exercise control over his actions or reflect on the possible consequences of his actions. On appeal, the defendant claimed the district court erred when excluding evidence of the defendant's unmedicated mental problems i.e. bipolar disorder and intermittent explosive disorders.

The 4th circuit upheld the exclusion of the psychiatric testimony. The Court indicated that it was inclined to agree with the Circuits that have ruled the IRDA does not prohibit psychiatric evidence if offered purely to rebut the government's evidence of specific intent, although it said such cases would be rare. Id. at 874. In arriving at this ruling the Court traced the history of the insanity defense and the congressional intent behind the enactment of 18 U.S.C. § 17. It found that congress had rejected the "volitional prong" of the preceding test intending to prohibit "the use of any "[m]ental disease or defect" as a defense unless it demonstrates that the defendant "was unable to appreciate the

6

nature and quality or the wrongfulness of his acts. 18 U.S,C.A. §18. The language of the statute leaves no room for a defense that raises "any form of legal excuse based upon one's volitional control" including "a diminished ability or failure to reflect adequately upon the consequences or nature of one's actions." <u>Worrel</u> at 872 (internal citation omitted). The Court held that the Doctor's testimony was simply not relevant to the issue of specific intent in the case. <u>Id</u>. at 874. Section 876 does not require specific intent to threaten, rather, "[t]he only proof of specific intent required to support a conviction under ...§ 876 is that the defendant *knowingly deposits* a threatening letter in the mails, not that he intended to carry out the threat." <u>Id.</u> at 874. (*Quoting* <u>United States v. Chatman</u>, 584 F.2d 1358, 1361 (4th Cir. 1978)(emphasis added).

In what appears to have been an anticipation of the sort of fact pattern at hand, the Court went on to comment as follows:

> This distinction seems clear enough in theory, if not in practice. <u>We confess we have difficulty envisioning many scenarios in which a defendant could introduce psychiatric evidence, short of insanity, that was not simply diminished capacity evidence or some other form of justification in disguise.</u> *See* <u>*Cameron,* 907 F.2d at 1066</u> ("<u>When a defendant claims to have psychiatric evidence that she 'lacked the capacity' or was 'incapable' of forming the intent necessary for the crime charged, most often that defendant is speaking of an incapacity to reflect or control the behaviors that produced the criminal conduct.</u>"); <u>*Pohlot,* 827 F.2d at 900</u> ("Only in the rare case ... will even a legally insane defendant actually lack the requisite mens rea purely because of mental defect."). Both the Eleventh and Third Circuits, which have considered this issue in depth, offer the same example of an appropriate use of non-insanity psychiatric evidence to negate an element of the government's case: (emphasis added)

<u>Worrel</u> at 873.

In <u>United States v. Staggs</u>, 553 F.2d 1073 (7th Cir. 1977), in which the District Court's exclusion of psychiatric evidence was found to be error, the factual setting was wholly different. Defendant Staggs, who had been charged with assaulting a federal officer by brandishing a firearm and threatening to shoot the officer, testified that he did no such thing but rather picked up the firearm with the thought of shooting himself. The psychiatric testimony was offered to support his contention that he was factually innocent. Significant to the Court's analysis was its determination that assault is a specific intent crime.

In <u>United States v. Maxton</u>, 940 F.2d 103 (4th Cir. 1991), the 4th circuit dealt with the issue of whether the offense of mailing threatening communications in violation of 18 U.S.C. § 876, was a specific or general intent crime. After noting that the mailing had to contain a "true threat", the Court went on to find that:

> "[I]f there is substantial evidence that tends to show beyond a reasonable doubt that an ordinary, reasonable recipient who is familiar with the context of the letter would interpret it as a threat of injury, the Court should submit the case to the jury." (internal citations omitted) Also, to be convicted under Section 876 a defendant must knowingly deposit a threatening communication in the mail. We find implicit in this element <u>a requirement that the defendant must have a general intent to threaten</u> the recipient at the time of the mailing. As in the present case, most of the time such intent can be gleaned from the very nature of the words used in the communication; <u>extrinsic evidence to prove an intent to threaten should only be necessary when the threatening nature of the communication is ambiguous</u>."

<u>Maxton</u> at 106 (emphasis added).

While the Worrell decision did find that 18 U.S.C. § 876 required proof of specific intent, that finding focused on the mailing element, not the threat itself. Indeed it cited Maxton when commenting that the "true threat" aspect did not hinge on the defendant's subjective intent. Worrell at 874.

Both the 1st and 2nd Circuits have approved a balancing test analysis of this issue pursuant to F. R. Evid. 403. See United States v. Lockhart, 382 F.3d 447 (4th Cir. 2004)(proffered evidence tends to show a diminished capacity defense and/or mitigation both of which Congress wanted to exclude); United States v. Dupre, 462 F.3d 131 (2nd Cir. 2006)(District Court did not err in excluding mental health evidence due to its tendency to confuse, mislead and introduce an impermissible theory of justification without meeting defendant's burden of presenting the affirmative defense of insanity).

The 4th circuit also addressed this issue in two unpublished opinions, but failed to take a firm position. In United States v. Hood, 857 F.2d 1469, 1988 WL 96130 (4th Cir. 1988), cert. denied 489 U.S. 1021 (1989), the 4th circuit upheld a district court's decision excluding evidence of a defendant's mental condition as little more than a claim of diminished capacity, which is precluded by the IDRA.

9

Three years later in United States v. Moran, 937 F.2d 604, 1991 WL 125461, at *3 (4th Cir. 1991), cert. denied 511 U.S. 1023 (1994), the Fourth Circuit addressed whether a district court properly excluded psychiatric evidence that a cocaine addiction may have prevented a defendant from forming the specific intent to distribute cocaine. The lower court based its decision to exclude the evidence on the 4th circuit's unpublished opinion in Hood. Rather than revisit its finding that the IDRA absolutely precluded the introduction of such evidence, the 4th circuit reasoned as follows:

> Though we note that this ruling [Hood] was against the probably unanimous view[2] of all the other courts of appeals that have considered the issue authoritatively, we need not address that broader issue here. Instead we hold that even if psychiatric testimony aimed at negating specific intent in particular cases is not absolutely precluded in all circumstances by the IDRA, that proffered here was properly excluded as a matter of discretion.

Id.

**III. Even if 18 U.S.C. § 17(a) does not preclude introduction of psychiatric evidence, such evidence is only admissible in the rare instance where it supports a legally acceptable theory of lack of "specific intent."**

Although the 4th circuit indicated that the IDRA does not absolutely preclude the introduction of psychiatric evidence to

---

[2] See e.g., Pohlot, 827 F.2d at 906, United States v. Schneider, 111 F.3d 197 (1st Cir. 1997); United States v. Cameron, 907 F.2d 1051 (11th Cir. 1990); United States v. Twine, 853 F.2d 676 (9th Cir. 1988).

10

negate a specific intent element of the offense, admissibility of the defendant's proffered testimony will hinge on whether the element in question requires "specific intent" or "general intent." If the element requires "general intent," such as in the present case, the evidence of mental condition is inadmissible regardless of whether IDRA precludes the introduction of such evidence. Cameron, 907 F.2d at 1036, n. 20 ("[p]hychological evidence is relevant to mens rea only when the defendant is charged with a specific intent crime"). Thus, expert or opinion testimony cannot be offered by the defendant to attack the requirement that the Government prove the defendant had a general intent to threaten Secretary of State Rice.

**IV. Opinion testimony on the defendant's mental state at the time of the crime should be excluded.**

Federal Rule of Evidence 704(b)[3], which was amended contemporaneously with the passage of IDRA, precludes an expert from giving an opinion on a defendant's mental state in a criminal case. United States v. Schneider, 111 F.3d 197, 202 (1st Cir. 1997). Instead, experts are limited to testifying concerning "diagnoses, facts upon which the diagnoses are based, and the

---

[3] Rule 704(b) provides in pertinent part "No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone."

characteristics of any mental defects the expert believes the defendant possessed during the relevant time period." United States v. Frisbee, 623 F. Supp. 1217, 1224 (N.D. Cal. 1985). Furthermore, "[n]o testimony directly or indirectly opining on the issue of specific intent will be allowed." Id. Thus, the defense should not be allowed to call any witness to elicit "an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone." Fed. R. Evid. 704(b).

**CONCLUSION**

The Government is aware that under limited circumstances a defendant may be entitled to present psychiatric evidence without seeking to mount a full not guilty by reason of insanity (NGRI) defense. The government sees no opening in the facts of this case for the sort of factual confusion or erroneous interpretation in which psychiatric evidence might be introduced for a legitimate purpose short of an NGRI defense. There would seem to be no such circumstance like the one in Staggs in which psychiatric evidence might suggest an innocent explanation. If there is such a point of factual confusion, the defense should be required to articulate it before being permitted to develop psychiatric evidence.

12

Respectfully submitted, this 11th day of May, 2009.

        GEORGE E. B. HOLDING
        United States Attorney

BY: /s/ Eric Evenson

        ERIC EVENSON
        Assistant United States Attorney
        Criminal Division
        310 New Bern Avenue, Suite 800
        Raleigh, North Carolina 27601
        Telephone: (919) 856-4530
        Fax: (919)856-4828
        eric.evenson@usdoj.gov
        State Bar No. 9581

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon:

        Geoffrey W. Hosford
        Attorney at Law
        Post Office Box 1653
        Wilmington, NC 28402

by electronically filling the foregoing with the Clerk of Court this 11th day of May, 2009, using the CM/ECF system which will send notification of such filing to the above.

        /s/ Eric Evenson

        ERIC EVENSON
        Assistant United States Attorney
        Criminal Division
        310 New Bern Avenue, Suite 800
        Raleigh, North Carolina 27601
        Telephone: (919) 856-4530
        Fax: (919)856-4828
        eric.evenson@usdoj.gov
        State Bar No. 9581